## CITY AND COUNTY OF SACRAMENTO v. HARDY.

THE warden of the county jail, appointed by ordinance, in pursuance of the fifty-third section of the Consolidation Act of the city and county of Sacramento, (Stat. 1858, 284) is not bound to pay into the treasury of said city and county moneys received by him from the authorities of Yolo county for keeping prisoners from that county. Such money is received by the warden in his own right. In taking charge of prisoners from Yolo, he acts as an officer of that county, and he alone is responsible to it.

APPEAL from the Sixth District.

The facts sufficiently appear in the opinion of the Court, though it may be well to state that the ordinance creating the office of warden, while it provides a compensation to him of two hundred and fifty dollars per month, says nothing about the reception of prisoners from any county except Sacramento.

*Monson & Sunderland*, for Appellant, cited Act of 1851, secs. 21, 22, Wood's Dig. 681; Ordinance No. 58, City and County of Sacramento.

*C. Cole, District Attorney*, for Respondent, cited Act of 1858, 267, secs. 27, 53.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an action for money had and received. There is no controversy as to the receipt of the money, but the question is whether the plaintiff is entitled to it. It is alleged that the defendant received it as warden of the county jail, and the plaintiff claims it under the provisions of the twenty-eighth section of the Act of 1858, known as the Consolidation Act. The record shows that it was received in consideration of services rendered and expenses incurred in taking care of prisoners from the county of Yolo; and the defendant contends that the duties which he was called upon to discharge with reference to these prisoners were entirely independent of his official relations with the plaintiff. The office of warden was

created by ordinance, in pursuance of the fifty-third section of the Consolidation Act, in which section it is provided that " all laws, rules, regulations and responsibilities pertaining to the Sheriff, as custodian of the prisoners," shall attach to that office. The twenty-first section of the Act of 1851, concerning Sheriffs, provides that " when there is no jail in the county, or when the jail becoms unfit or unsafe for the confinement of prisoners, the County Judge may, by a written appointment filed with the County Clerk, designate the jail of a contiguous county for the confinement of the prisoners of his county." The next succeeding section provides that with respect to such prisoners, the officer to whose custody they are committed shall be deemed the Sheriff of the county from which they were removed. These are the provisions under which the prisoners from Yolo county were committed to the custody of the defendant, and it is plain that in taking charge of them he acted simply as an officer of that county. He alone was responsible to the county for the performance of his duties in that respect, and the plaintiff was subject to no liability on account of his acts. What he did was done in obedience to the statute, and without reference to the duties required of him on behalf of the plaintiff. Under these circumstances, we think that the money received by him was received in his own right, and that the plaintiff cannot recover.

Judgment reversed, and suit dismissed.